Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The parties entered into a Pre-Trial Agreement which with the attachments thereto are incorporated and made a part of this Opinion and Award.
The Full Commission finds as facts and concludes as matter of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The parties agree that plaintiff sustained injuries on August 5, 1994.
2. Both defendants are non-insured.
3. The issues to be determined are:
 a. Whether plaintiff sustained an injury by accident while in the course and scope of his employment with either defendant?
 b. If so, what (if any) workers' compensation benefits is he entitled to receive?
 c. Whether plaintiff was an employee of either defendant at the time of his injuries?
 d. What was plaintiff's average weekly wage at the time of this alleged incident?
 e. Whether Defendant Gregory B. Vaughan was a sub-contractor of Defendant Floyd Eaton?
 ***********
Based upon the competent evidence of record herein, the Full Commission adopts the Findings of Fact of the deputy commissioner with minor modifications and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was thirty-four years old at the time of the hearing before the deputy commissioner. He had completed the ninth grade with no further education.
2. Plaintiff started to work for Floyd Eaton d/b/a Timber Management, Inc. (hereinafter "Defendant Eaton") in August, 1994 as a skid driver. A skid is used to pull timber out of the woods to the area where the timber is loaded onto a trailer.
3. Defendant Eaton was in the business of cutting and hauling timber to market, cutting and hauling firewood and performing other jobs related to the cutting and marketing of timber. He owned various pieces of equipment, including the skidder and loader that was being used by Gregory B. Vaughan (hereinafter "Defendant Vaughan") at the location and on the date of plaintiff's injury.
4. Defendant Eaton testified that he sub-contracted out to Defendant Vaughan the job of hauling the timber to market and only paid him mileage for this particular job. He did not offer any testimony concerning whether Defendant Vaughan worked for him when the actual timber was being cut.
5. Defendant Vaughan cut timber along with two other employees of Defendant Eaton. This timber was taken to market at various locations as is indicated by the timber tickets that the parties submitted as a part of the pre-trial agreement in this matter.
6. On the date of plaintiff's injury the skidder and loader owned by Defendant Eaton were on the work site and being used to move and load the timber that was being cut. Although Defendant Eaton testified that the equipment being used by Defendant Vaughan was rented from Defendant Eaton, there was no evidence of the amount of rent charged or paid. Based on the greater weight of the credible evidence, there was no charge for the use of this equipment because it was being used on the job by employees of Defendant Eaton and for the benefit of Defendant Eaton. This equipment was normally used for the cutting, removal and loading of timber on jobs for Defendant Eaton.
7. Defendant Eaton was engaged in the business of cutting timber. Defendant Vaughan was acting under the direction and authority given to him by Defendant Eaton when cutting the timber at the job site where plaintiff was injured on August 5, 1994.
8. On the date and at the time of plaintiff's injury, Defendant Vaughan was acting as an employee of Defendant Eaton. Defendant Vaughan usually acted as an employee of Defendant Eaton during the time timber was being cut. There existed a sub-contractor relationship between Defendant Eaton and Defendant Vaughan after the timber had been cut and loaded onto the truck. Defendant Vaughan hauled timber from the work site to market pursuant to a contract wherein he was paid according to mileage.
9. On August 5, 1994, plaintiff sustained an injury when a tree fell onto him striking him in the head, shoulders, arms and body. The impact knocked him to the ground causing him to strike his knees. As a result, plaintiff sustained injuries to his head, shoulders, arms, knees and other parts of his body. Plaintiff sustained a broken left radius and ulnar.
10. As a result of his injuries, plaintiff has sought and received medical treatment that tended to effect a cure, provide relief and lessen his disability. Plaintiff has not been able to get all the medical treatment he needs because he does not have the ability to pay for treatment and Defendant Eaton has not offered to assist with his medical needs.
11. Plaintiff has incurred $14,877.29 for medical treatment for which he has been unable to pay. Plaintiff is in need of additional medical treatment.
12. The Industrial Commission has jurisdiction of the parties and the subject matter herein and the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
13. Even if Defendant Vaughan was a sub-contractor of Defendant Eaton at the time of plaintiff's injury, Defendant Eaton would still be responsible for plaintiff's injuries because Defendant Eaton did not obtain a certificate of insurance showing that Defendant Vaughan had workers' compensation insurance in effect when the sub-contracting work commenced.
14. Plaintiff has not been able to return to any work earning wages since his injury by accident on August 5, 1994 for Defendant Eaton or any other employer.
15. Plaintiff's average weekly wage at the time of his injury was $340.00, yielding a compensation rate of $226.68.
16. Defendant Eaton employed three or more employees at the time of plaintiff's injury and he failed to have in force a workers' compensation insurance policy covering plaintiff and his other employees at the time of this accident. Also, at the time of the accident, Defendant Eaton did not have in his possession a certificate of insurance from Defendant Vaughan showing that Defendant Vaughan (as an alleged sub-contractor) had the required workers' compensation insurance.
17. Defendant Eaton's defense of this claim is unreasonable and plaintiff is entitled to reasonable attorney's fees from Defendant Eaton.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on August 5, 1994, while in the course and scope of his employment with Defendant Eaton for which he is entitled to receive workers' compensation benefits. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury by accident, plaintiff is entitled to temporary total disability benefits from the date of the accident on August 5, 1994 to the date of hearing before the deputy commissioner and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
3. Defendant Eaton is obligated to pay the approved medical expenses of $11,092.18 incurred by plaintiff and any medical expenses incurred in the future as a result of plaintiff's compensable injury to the extent that such treatment is reasonably required to effect a cure, give relief or would tend to lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
4. Plaintiff was an employee of Defendant Eaton at the time of his injury. Defendant Eaton had three or more employees and was required by law to maintain workers' compensation insurance. Defendant Eaton did not have any workers' compensation insurance in effect at the time of plaintiff's injury. N.C. Gen. Stat. §§ 97-93 and 94.
5. Plaintiff's average weekly wage at the time of injury was $340.00, yielding a compensation rate of $226.68.
6. Defendant Eaton's defense of this claim is unreasonable and the plaintiff is entitled to attorney fees. N.C. Gen. Stat. § 97-88.1.
7. As of the date of the filing of this Opinion and Award, the plaintiff is entitled to compensation in the amount of $56,687.24 to be paid by Defendant Eaton. Thereafter, plaintiff is entitled to be paid any additional compensation which shall accrue in the future until he returns to work earning the same or greater wages or until further order of the Industrial Commission.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant Eaton shall pay to plaintiff disability benefits at the rate of $226.68 per week beginning August 5, 1994 through the date of this Opinion and Award and continuing until further orders of the Industrial Commission. At the time of this Opinion and Award, the accrued amount of temporary total disability owed to plaintiff is $45,595.06.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability. At the time of this Opinion and Award, the approved medical expenses totaled $11,092.18. These medical costs are likely to increase in the future and their payment will become due upon approval by the Industrial Commission in accordance with its rules.
3. Based upon his unreasonable defense of this claim, Defendant Eaton shall pay plaintiff's attorney a reasonable attorney's fee in the amount of twenty-five percent of the accrued compensation approved and awarded to plaintiff herein. This attorney's fee shall NOT be deducted from the compensation awarded to plaintiff herein, but shall be paid directly to plaintiff's counsel by Defendant Eaton as a part of the costs of this proceeding. Plaintiff's attorney shall further receive every fourth compensation check due plaintiff in the future. This fee shall be deducted from the future compensation due plaintiff and paid directly to plaintiff's attorney.
4. Defendant Eaton shall pay interest on this Award, including unpaid medical bills from the date of hearing before the deputy commissioner at the lawful rate of eight percent (8%).
5. Defendants shall pay the costs of this action.
 *********** ORDER
This case shall be referred to the Fraud Section of the Industrial Commission for further action on defendant's failure to have or keep in effect workers compensation insurance.
This the 12th day of June 1998.
 S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
S/ ________________ RENÉE C. RIGGSBEE COMMISSIONER